# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2023-0935
Lower Tribunal No. 18-DR-002193

_____

ROSI GAUL,

Appellant/Cross-Appellee,

v.

JEFFREY GAUL,

Appellee/Cross-Appellant.

_____

Appeal from the Circuit Court for Lee County.
Elisabeth Adams, Judge.

June 5, 2026

PRATT, J.

The parties appeal and cross-appeal from the trial court's final judgment of dissolution of marriage entered on December 28, 2020, as amended by the trial court's order on rehearing.[1] The parties have spilled much ink litigating this appeal. We take the opposite approach.

_____

[1] This case was transferred from the Second District Court of Appeal to this Court on January 1, 2023.

Having considered the parties' arguments on appeal and cross-appeal, we affirm the final judgment in its entirety with one limited exception. We reverse and remand the final judgment with instructions that the final judgment be amended to recharacterize the Lightstream loan taken out by Appellant—after she filed for divorce—as a non-marital liability owed solely by Appellant. *See* § 61.075(1), Fla. Stat. (2020) ("In a proceeding for dissolution of marriage, . . . the court shall set apart to each spouse that spouse's nonmarital assets and liabilities . . . ."); § 61.075(7), Fla. Stat. ("The cut-off date for determining assets and liabilities to be identified or classified as marital assets and liabilities is the earliest of the date the parties enter into a valid separation agreement, such other date as may be expressly established by such agreement, or the date of the filing of a petition for dissolution of marriage.").

We briefly write to address the disputed issue of which version of section 61.08, Florida Statutes—Florida's alimony statute—applies to the final judgment at issue in this case. *Compare* § 61.08, Fla. Stat. (2020), *with* § 61.08, Fla. Stat. (2023). Section 61.08 was amended effective July 1, 2023. *See* ch. 2023-315, § 5, Laws of Fla. Among other things, the 2023 statutory amendment to section 61.08 eliminated the ability of a trial court to award permanent alimony. *See* ch. 2023-315, § 1, Laws of Fla. However, the 2023 statutory amendment to section 61.08 is limited. Relevant here, the 2023 statutory amendment created new section 61.08(11), which provides

2

in full: "The court shall apply this section [as amended] to all initial petitions for dissolution of marriage or support unconnected with dissolution of marriage pending or filed on or after July 1, 2023." Ch. 2023-315, § 1, Laws of Fla. (creating § 61.08(11), Fla. Stat.). This language matters because, pursuant to section 61.08(11), if an initial petition for dissolution is filed "before July 1, 2023," then "the amended version of section 61.08 would apply only if the initial petition remained 'pending' as of July 1, 2023." *Hawryluk v. Hawryluk*, 51 Fla. L. Weekly D377, 2026 WL 547145, at *2 (Fla. 5th DCA Feb. 27, 2026).[2]

Several of our sister districts have closely considered the meaning of section 61.08(11), including the terms "petition" and "pending." The First, Fourth, and Fifth Districts have interpreted section 61.08(11) to mean that a petition is pending under section 61.08 until the trial court renders final judgment on the petition. *See Hawryluk*, 2026 WL 547145; *Secrist v. Secrist*, 421 So. 3d 781 (Fla. 5th DCA 2025); *Stockdale v. Stockdale*, 409 So. 3d 163 (Fla. 1st DCA 2025); *Alfonso v. Alfonso*, 426

---

[2] We note in passing that the Legislature has previously used different language for specifying when and to what extent a statutory amendment to section 61.08 applies. *See generally* ch. 2011-92, § 80, Laws of Fla. ("Effective July 1, 2011, the amendments to s[ection] 61.08, Florida Statutes, made by this act apply to all initial awards of alimony entered after July 1, 2011, and to all modifications of alimony of such awards made after July 1, 2011. Such amendments may not serve as a basis to modify awards entered before July 1, 2011, or as a basis to change amounts or duration of awards existing before July 1, 2011. The amendments to s[ection] 61.08, Florida Statutes, made by this act are applicable to all cases pending on or filed after July 1, 2011."); ch. 2010-199, § 2, Laws of Fla. (similar).

3

So. 3d 478 (Fla. 4th DCA 2025). In contrast, the Second District has interpreted section 61.08(11) to mean that a petition is pending under section 61.08 until final disposition of the action on appeal. *See Morgan v. Morgan*, 427 So. 3d 599 (Fla. 2d DCA 2026); *Woodward v. Woodward*, 400 So. 3d 861 (Fla. 2d DCA 2025).

We see no need to expand on the analysis of our sister districts. Instead, we align ourselves with the First, Fourth, and Fifth Districts' interpretation of section 61.08(11) and hold that a petition is pending under section 61.08 until the trial court renders final judgment on the petition.[3] In doing so, we respectfully disagree with the Second District's interpretation of section 61.08(11). *See generally Hawryluk*, 2026 WL 547145, at *3 ("With all due respect, we believe that the Second District answered the wrong question when deciding whether the old or amended version applied in *Woodward* and *Morgan*. In those cases, the Second District incorrectly focused on whether the dissolution *action* remained pending following an appeal and

---

[3] We part ways slightly with the Fourth District's reasoning in *Alfonso*, insofar as we see no need to consider the legislative history of chapter 2023-315, Laws of Florida, in order to determine the meaning of section 61.08(11). *See generally Taylor v. Nicholson-Williams, Inc.*, 368 So. 3d 1007, 1015 n.3 (Fla. 5th DCA 2023) ("[L]egislative history offers little to assist our interpretive task as judges . . . . [W]e eschew legislative history to avoid the backwards approach to statutory construction that the Florida Supreme Court has rejected, and to faithfully apply the supremacy-of-the-text principle that it has articulated[.]" (citations and internal quotation marks omitted)). But the result reached by *Alfonso* is on firm footing. As the First District's decision in *Stockdale* ably demonstrates, the ordinary meaning of the term "pending" and its usage in the context of the alimony statute supports the First, Fourth, Fifth, and now Sixth Districts' interpretation of section 61.08(11). *See generally Stockdale*, 409 So. 3d at 165-68.

remand, rather than whether the *initial petition* remained pending. In our view, the initial petition for dissolution was no longer pending in either *Woodward* or *Morgan*, as final judgments had been entered in both cases and neither was remanded for a trial de novo."). Accordingly, we certify our decision to be in direct conflict with the Second District's decisions in *Woodward* and *Morgan*. *See* art. V, § 3(b)(4), Fla. Const.

All that remains is for us to apply our holding to the facts of this case. The trial court's final judgment was entered on December 28, 2020. Because the final judgment was entered prior to July 1, 2023, the initial petition was not pending on July 1, 2023. Therefore, the 2023 statutory amendment to section 61.08 does not apply to the final judgment. Instead, the 2020 version of section 61.08—including its allowance for the trial court to award permanent alimony—applies to the final judgment.[4]

AFFIRMED in part; REVERSED in part; and REMANDED with instructions. CONFLICT CERTIFIED.

STARGEL and GANNAM, JJ., concur.

Brandon S. Vesely and Shannon L. Troutman, of The Florida Appellate Law Firm, P.A., St. Petersburg, for Appellant/Cross-Appellee.

---

[4] Prior to 2023, the alimony statute was last amended in 2011. *See* § 61.08, Fla. Stat. (2023) (containing history line following statutory text listing statutory amendments to section 61.08).

Christopher D. Donovan, of Donovan Appellate Law, PLLC, Estero, for Appellee/Cross-Appellant.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED